IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KATHLEEN L.,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br> Acting Commissioner, ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) | Civil Action No. 7:21-cv-00513 <br><br> By: Elizabeth K. Dillon <br>      United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen L. brought this action for review of the final decision made by defendant, the Commissioner of Social Security, denying her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under the Social Security Act. (Compl., Dkt. No. 1.) Both plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 13, 19), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On January 3, 2023, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 21.) Plaintiff filed objections on January 17, 2023 (Dkt. No. 22), and the Commissioner responded to the objections on January 30, 2023 (Dkt. No. 23).

After de novo review of the pertinent portions of the record, the R&R, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–10.) Briefly, the Administrative Law Judge (ALJ) determined that plaintiff suffers from the severe impairments of adjustment disorder, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and gastroesophageal reflux disease (GERD). (Tr. 79, Dkt. No. 8-1.) These impairments, the ALJ reasoned, do not meet or medically equal a listed impairment.

The ALJ proceeded to conclude that plaintiff retained the residual functional capacity (RFC) to perform light work, except that she needs to avoid dangerous hazards like working around moving machinery parts or at unprotected heights. The ALJ also imposed a series of non-exertional restrictions.[2] The ALJ found that plaintiff was unable to perform her past relevant work but could perform other work that exists in the national economy such as laundry worker, price marker, and office helper. Thus, the ALJ determined that plaintiff was not disabled.

---

[2] Those were: plaintiff can concentrate, persist, and maintain pace adequate to perform simple, routine, non-complex tasks in a work environment presenting routine work situations and routine work changes, which involves no tandem tasks, and has no fast-paced production requirements; there can be no requirement for direct contact with crowds or public interaction; she is able to interact with coworkers and supervisors in brief, superficial encounters, predominately lasting one to three minutes each; plaintiff may incur up to 10% off-task performance apart from regular employer-scheduled breaks; and may be absent from work up to one day per month. (Tr. 83.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

### B. Kathleen L.'s Objections to the R&R

In her summary judgment brief, plaintiff argued that the ALJ's assessment of her mental impairments and subjective allegations was not supported by substantial evidence. (*See* Pl.'s Mem. Supp. Mot. Summ. J., Dkt. No. 14.) In the alternative, plaintiff argued that the court should remand based on new evidence submitted to the Appeals Council. (*Id.*) In many if not

most respects, plaintiff's objections to the R&R are a restatement of her summary judgment arguments. "As the court has stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge . . . . Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge." *Courtney T. v. Kijakazi*, Civil Action No. 7:21-cv-00024, 2022 WL 885767, at *2 (W.D. Va. Mar. 25, 2022). The court will, however, address the following objections.

Plaintiff argues that the R&R and the ALJ incorrectly analyzed and interpreted evidence of her self-reported activities, such as taking care of pets, preparing simple meals, doing routine tasks, crafting, doing yardwork, and completing various home improvement projects. These activities, the ALJ noted, demonstrated at least "some capability" with concentration, persistence, and maintaining pace. Plaintiff objects that "some capability" is not the appropriate standard; instead, plaintiff argues, she must be able to sustain these activities over the course of an eight-hour workday. Neither the ALJ nor the R&R applied an incorrect standard. The statement about "some capability" was made in the context of addressing other evidence of concentration, persistence, and pace, such as treatment notes describing plaintiff as alert and oriented, without any obvious distractibility, lethargy, slow thinking, speech, or movements (Tr. 81), and opinion evidence that plaintiff could perform work with one- to two-step instructions with occasional regular breaks *(id*. 88). This evidence was sufficient to support the ALJ's finding of moderate impairment in this domain, with certain limitations to address reports of poor sleep and reduced concentration. *(Id.* 81.)

Regarding her subjective allegations, plaintiff argues that the R&R and ALJ ignored evidence that documented overwhelming anxiety which made it impossible for plaintiff to

accomplish tasks and to be productive.  To the contrary, as the R&R recounts, the ALJ's opinion includes a narrative discussion of her lengthy mental health record.  (Tr. 85–89.)  The court agrees with the R&R that this case is unlike cases in which the ALJ placed too much reliance on minimal daily activities in evaluating subjective complaints.  *See Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020); *Brown v. Comm'r*, 873 F.3d 251 (4th Cir. 2017).

Finally, plaintiff argues that the R&R erred in finding there was no good cause for the new evidence she submitted to the Appeals Council.  Plaintiff seems to argue that good cause was not required because she complied with the five-day requirement set forth in the regulations. *See* 20 C.F.R. § 404.935(a) ("Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing.").  This is not correct. *See* 20 C.F.R. § 404.970(b) (stating that the Appeals Council will only consider additional evidence "if you show good cause for not informing us about or submitting the evidence as described").  The R&R correctly applied the good cause standard.

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 21) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 22) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 19) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 13) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: February 10, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge